**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2230-19

L.W.,

     Petitioner-Appellant,

v.

HUDSON COUNTY
DEPARTMENT OF FAMILY
SERVICES,

     Respondent-Respondent.

_____

Submitted April 19, 2021 – Decided June 9, 2021

Before Judges Rothstadt and Mayer.

On appeal from the New Jersey Department of Human Services.

L.W., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Mark D. McNally, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner L.W. appeals from the Department of Human Services, Division of Family Development, Bureau of Administrative Review's (the Division) final agency decision affirming the Hudson County Department of Family Services' (HCDFS) recoupment, under N.J.A.C. 10:90-3.18(a)(2)(i), from his first supplemental social security insurance (SSI) retroactive payment of public assistance benefits paid to L.W. during the pendency of his SSI application. On appeal, L.W. argues that his written authorization supporting the recoupment, which was a condition precedent to his receipt of public assistance, is immaterial and the HCDFS's recoupment constituted impermissible "Double Dipping," "[e]xtortion," a discriminatory action, and a violation of his equal protection and due process rights. We affirm, as we conclude L.W.'s claims lack merit, are based substantially on a flawed reading of the regulations he is challenging, and he has not demonstrated that the Division's decision was arbitrary, capricious, or unreasonable.

The facts are not disputed. L.W. applied for SSI benefits in April 2017. However, because SSI benefits are not immediately approved, he also applied to the HCDFS, which was his local County Welfare Agency (CWA), for Work First New Jersey General Assistance (WFNJ/GA) public assistance benefits while his SSI application was pending. In order to apply for those benefits, L.W.

was required by N.J.A.C. 10:90-14.5(c) and N.J.A.C. 10:90-1.2(f)(8)(i) to sign various forms, including those designated as WFNJ-10D, WFNJ/GA-30, and WFNJ/GA-30A. Together, these forms concern an applicant's obligation to repay any benefits a CWA provides to the applicant while awaiting a determination of the applicant's SSI entitlement and authorize the Social Security Administration (SSA) to reimburse the CWA directly from the applicant's SSI award. See N.J.A.C. 10:90-14.5(c).

From May 2017 to May 2019, while L.W.'s SSI benefit application was pending, he received $28,612 in public assistance benefits through the HCDFS, including cash in the amount of $5,223, emergency assistance benefits in the amount of $22,708, and temporary rental assistance benefits in the amount of $681.

In May 2019, L.W. was approved for SSI benefits retroactive to the date of his application in April 2017. Thereafter, the SSA sent L.W.'s first lump-sum SSI payment in the amount of $19,516.25 to the HCDFS. That amount represented the total SSI benefits L.W. would have been eligible to receive during the pendency of his application had he been approved when he applied in April 2017.

A-2230-19

L.W. submitted a request for a review of the HCDFS's recoupment to the Division. On December 26, 2019, the Division issued a final decision affirming the HCDFS's recoupment. The written decision explained that before a CWA may provide public assistance benefits during the pendency of an SSI application, under N.J.A.C. 10:90-14.5(c) and N.J.A.C. 10:90-1.2(f)(8)(i), the CWA must have an applicant sign forms WFNJ/GA-30 and WFNJ/GA-30A. It also noted that, under N.J.A.C. 10:90-3.18(a)(2)(i), "retroactive SSI benefits payments are subject to recoupment so that the assistance provided during the pendency of the SSI benefits matter can be repaid."

The decision also explained that, under a contractual arrangement between the State of New Jersey and the SSA, where a state welfare agency is entitled to recoup the costs of interim benefits provided to an applicant, the applicant's SSI retroactive benefits are paid directly to the appropriate agency for reimbursement of the interim benefits provided. N.J.A.C. 10:90-14.5(a), (c). It continued to note that L.W. had expressly authorized the payment to the HCDFS when he signed, on February 26, 2019, an "Authorization for Reimbursement of Initial Supplemental Security Income (SSI) Payment or Initial SSI Post-eligibility Payment" form (WFNJ/GA-30), an "Agreement to Repay" form

(WFNJ-10D), and an "Agreement to Repay Assistance from Initial SSI Payment" form (WFNJ/GA-30A).

Finally, the Division noted that L.W. had received a total of $28,612 in public assistance benefits from the HCDFS during the pendency of his SSI application and that the total amount of SSI benefits he would have received had his application for SSI benefits been granted in April 2017 would have been $19,516.25. The Division therefore upheld the HCDFS's recoupment of $19,516.25 from L.W.'s SSI benefits payment "based on applicable regulatory authority," as L.W. had received interim benefits during the pendency of his SSI matter and had signed the proper authorizations permitting the HCDFS to recoup any interim benefits provided. This appeal followed.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We presume the validity of an "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious or unreasonable[,] or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). The burden is on the appellant to establish that an

agency's decisions were "arbitrary, capricious or unreasonable[,] or not supported by substantial credible evidence in the record." Ibid.; D.C. v. Div. of Med. Assistance & Health Servs., 464 N.J. Super. 343, 353 (App. Div. 2020).

In our review, we defer to the "agency's interpretation of statutes and regulations within its implementing and enforcing responsibility." D.C., 464 N.J. Super. at 353 (quoting A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 339 (App. Div. 2009)). "This deference comes from the understanding that a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise." In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010).

Applying our deferential standard of review, we conclude that L.W.'s contentions on appeal are without sufficient merit to warrant discussion in a written opinion.[1] R. 2:11-3(e)(1)(D). We affirm substantially for the reasons stated by the Division in its December 26, 2019 written decision. Suffice it to

---

[1] We only note that, contrary to L.W.'s interpretation, N.J.A.C. 10:90-14.5(a)'s reference to a "contractual agreement" between the SSA and the State is not evidence that benefit recoupment is fully funded by the federal government. Rather, the language is a preamble to the rest of the regulation, which provides the process whereby CWAs, such as the HCDFS, through the Division, may be reimbursed directly through the recipient's SSI award and requires the signing of forms providing authorization to do so. See N.J.A.C. 10:90-14.5(c).

A-2230-19

say that the challenged recoupment was required by State regulations and authorized by L.W.'s execution of the required forms when he applied for public assistance. The Division's decision was legally correct and unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2230-19